The Honorable Steven R. Brunk State Representative, 85th District 4430 Janesville Wichita, Kansas 67220
Dear Representative Brunk:
As Representative of the 85th District you ask whether, under the Brokerage Relationships in Real Estate Transactions Act[1] (BRRETA), a broker is obligated to disclose to prospective purchasers the presence of a registered sex offender living in close proximity to the property the broker has listed for sale. You also ask whether a developer or builder of a new subdivision have such a duty.
The passage of BRRETA in 1995 established specific duties and obligations for real estate brokers,[2] whether acting as a seller's or a buyer's agent. The statutory obligations of a broker acting as a seller's agent to a customer (i.e., prospective purchaser) are clearly established:
 "A seller's or landlord's agent owes no duty or obligation to a customer, except that a licensee shall disclose to any customer all adverse material facts actually known by the licensee, including but not limited to:
 "(A) Any environmental hazard affecting the property which are required by law to be disclosed;
"(B) the physical condition of the property;
"(C) any material defects in the property;
 "(D) any material defects in the title to the property; or
 "(E) any material limitation on the client's ability to perform under the terms of the contract."[3]
The phrase "adverse material facts" is not defined in BRRETA. However, the context in which that phrase is used in BRRETA and the "including but not limited to" listing of information that a broker has a duty to disclose indicate that "adverse material facts" are those relating to the real estate transaction itself that is under consideration, either to the property, the title to the property or the ability of the client to meet the contractual obligations. This concept is carried forward in other sections of the statute regarding disclosure requirements of a seller's broker:
 "A seller's or landlord's agent owes no duty to conduct an independent inspection of the property
for the benefit of the customer and owes no duty to independently verify the accuracy or completeness of any statement made by the client or any qualified third party.
 "Except as provided in subsection (d)(4), a seller's or landlord's agent is not required to disclose to a client or customer information relating to the physical condition of the property
if a written report regarding the physical condition of the property has been prepared by a qualified third party and provided to the client or customer.
 "A seller's or landlord's agent shall disclose to the client or customer any facts actually known by the licensee that were omitted from or contradict any information included in a written report described in subsection (d)(3)."[4]
This analysis leads us to the conclusion that adverse material facts are those facts that relate only to the property that is the subject of a transaction, the title to the property and the client's ability to perform, and not to information about who may reside in close proximity to the subject property. Consequently, BRRETA does not impose a duty on a broker to disclose the fact that a registered sex offender resides in the neighborhood. Nevertheless, we hasten to add that if a prospective purchaser asks a broker whether a registered sex offender resides nearby, the broker must respond truthfully concerning any known information. To respond in any other manner would subject the broker to disciplinary action by the Real Estate Commission, and possibly civil liability, for engaging in fraud or making a substantial misrepresentation.[5] We are unaware of any Kansas appellate decision to date that has addressed whether a duty should be imposed on real estate brokers to disclose that a registered sex offender resides in close proximity to property that a prospective purchaser is interested in buying.
We are likewise unaware of any current Kansas appellate decision that has addressed whether a duty should be imposed on developers or builders to disclose that a registered sex offender resides in close proximity to property that a prospective purchaser is interested in buying. Cases that have assessed liability against developers or builders for failure to disclose information have been decided in the context of the physical condition of the property.[6]
Nevertheless, we are unable to say with any degree of certainty whether a Kansas appellate court would find a disclosure duty should a child be molested by a registered sex offender that a broker, builder or developer knew resided nearby but did not disclose that fact to a purchaser. We note that in one of the builder cases the Court stated that "a matter is material if it is one to which a reasonable man would attach importance in determining his choice of action in the transaction in question."[7]
It seems reasonable that at least some prospective purchasers would attach importance to knowing that a registered sex offender resided in close proximity to a home a purchaser was considering buying. Thus, in our opinion some degree of risk of liability exists if a broker, builder or developer fails to disclose a possibility of harm due to the proximity of a registered sex offender, but are unable to assess or quantify this risk. It appears, however, that it would be but a small step for the Court to expand the idea of materiality from matters related to the condition of the property to a broader consideration, particularly when potential harm to children is at stake. Additionally, we would caution brokers, builders and developers that the better course of action may well be to err on the side of not knowingly placing children in harm's way.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] K.S.A 2003. 58-30,101 et seq.
[2] For purposes of this opinion, the term "broker" includes "salespersons."
[3] K.S.A. 2003 Supp. 58-30,106(d)(1).
[4] K.S.A. 2003 Supp. 58-30,106(d)(2) through (3).
[5] K.S.A. 2003 Supp. 58-3062(a)(14).
[6] E.g., McFeeters v. Renollet, 210 Kan. 158 (1972) (corporate home builder liable for damages resulting from defective construction of basement); Griffith v. Byers Const. Co. of Kansas, Inc., 212 Kan. 65
(1973) (builder liable for failure to disclose saline condition of soil of lots placed on market).
[7] Griffith, 212 Kan. at 73.